**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50098 |
| Plaintiff - Appellee, | D.C. No. CR 07-118-CAS |
| v. | |
| CARLOS SERRANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 10, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Though the district court erred in overruling defense counsel's objection

when the prosecutor asked Carlos Serrano during cross-examination whether

Postal Service Inspector Kugel was "lying," *United States v. Harrison*, 585 F.3d

1155, 1158 (9th Cir. 2009), the government has satisfied its burden of establishing

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

harmlessness, *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam), by demonstrating that it is not "more probable than not that the alleged misconduct affected the jury's verdict," *United States v. Nobari*, 574 F.3d 1065, 1082 (9th Cir. 2009) (quoting *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990)) (internal quotation marks omitted). First, the government provided ample evidence that Serrano knew that he was participating in a fraudulent transaction, *United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005); *see also Nobari*, 574 F.3d at 1082, including Serrano's sworn statement, emails instructing him to make misrepresentations to the bank, documents in which Serrano certified the veracity of false information, and testimonial evidence that he employed aliases and opened a bank account for the sole purpose of depositing funds from the transaction.

Moreover, because Serrano responded to the government's improper question by stating that Kugel was telling the truth, the question did not pit Serrano's credibility against Kugel's, a fact which further undercuts Serrano's claim that the improper question was harmful. *See Harrison*, 585 F.3d at 1159; *United States v. Combs*, 379 F.3d 564, 573 (9th Cir. 2004). Contrary to Serrano's argument, the case cannot be reduced to a credibility contest between Serrano and Kugel as to the veracity of Serrano's statement that he knew "from day one" that

2

the transaction was suspicious, because the government needed only to establish that Serrano knew during the course of the transaction that he was participating in fraudulent activities. *See* 18 U.S.C. §§ 371, 1344(2).

Finally, the court advised the jury that it was the "sole and exclusive judge[] of the credibility of each of the witnesses called to testify in this case." *See Harrison*, 585 F.3d at 1159–60. The jury is presumed to have followed the court's instructions. *See Zafiro v. United States*, 506 U.S. 534, 540–41 (1993).

**AFFIRMED**.